FRANK, Judge.
The state has appealed from an order granting Landfald’s motion to suppress contraband seized as the result of a roadblock found unconstitutional by the trial court. We affirm.
The roadblock was set up by the Sheriff pursuant to written guidelines on a two-lane street heavily travelled by cocaine users in an admittedly high crime area. The particular location in the residential area was chosen because traffic was very light at that point. The majority of persons who passed through the stopping point were residents of the area.
Roadblocks are constitutionally permissible if certain guidelines are followed. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Jones, 483 So.2d 433 (Fla.1986). Roadblocks may be established to stem the flow of drug activity in this state. Cardwell v. State, 482 So.2d 512 (Fla. 1st DCA 1986). In Cardwell, however, the roadblock was set up on a major interstate highway south of the Florida/Georgia border — an important factor distinguishing it from this case. The roadblock in this proceeding was set up at a location essentially residential and the degree of intrusion upon the liberty interests of the citizens living in the area and travelling that particular thoroughfare on a daily basis was severe. Interference in this kind of setting with individual liberty outweighs the state’s undeniably high interest in interdicting the purveyors and users of cocaine, particularly in light of the fact that a seizure such as occurred in this case advances that interest only a slight degree. See Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).
Affirmed.
SCHOONOVER, A.C.J., and LEHAN, J., concur.